Hua LIN, Plaintiff,

v.

**UNIVERSAL CARD SERVICES CORPORATION, et al., Defendants.**

No. C–02–03687–JW.

United States District Court, N.D. California, San Jose Division.

Nov. 26, 2002.

William E. Kennedy, Santa Clara, CA, for Hua Lin.

Clinton D. Wilburn, Felicia Yu, Buchalter, Nemer Fields & YOunger, Los Angeles, CA, for Universal Card Services Corp.

## ORDER GRANTING DEFENDANT CITIBANK'S MOTION TO DISMISS

WARE, District Judge.

### . I. INTRODUCTION

This is a consumer credit reporting case which presents the issue of whether federal law preempts state law regarding the rights and obligations of furnishers of consumer credit information. Defendant Citibank[1] ("Citibank") filed a motion to dismiss Plaintiff Hua Lin's ("Lin") state law claims for violations of the California Consumer Credit Reporting Agencies Act ("CCRAA")[2] §§ 1785.25(a)-(c)[3] on the ground that the federal Fair Credit Re-

---

1. Citibank is the successor-in-interest to Universal Bank, incorrectly named as Defendant Universal Card Services Corporation in the original complaint filed at the Santa Clara Superior Court on July 19, 2002.

2. CCRAA §§ 1785.25(a)-(c) is also known as California Civil Code §§ 1785.25(a)-(c).

3. See California Civil Code §§ 1785.25(a)-(c).

porting Act ("FCRA")[4], 15 U.S.C. § 1681 *et seq.*, preempts such claims and bars any private right of action under the state statute.[5] The Court found it appropriate to determine Citibank's motion based on the papers without oral argument pursuant to Civil L.R. 7–1(b).

Lin concedes that his third and fourth claims for relief, filed pursuant to CCRAA §§ 1785.25(b)-(c), are preempted by FCRA. Therefore, the Court will only address Lin's second claim for relief, filed pursuant to CCRAA § 1785.25(a). For the reasons discussed below, the Court finds that Lin's second claim is not preempted by FCRA, but also finds that CCRAA § 1785.25(a) does not permit a consumer to bring a private right of action against a furnisher of consumer credit information. Accordingly, the Court grants Citibank's motion to dismiss.

## II. BACKGROUND

On July 19, 2002, Lin filed a lawsuit against Citibank in the Santa Clara County Superior Court. Citibank properly removed the action to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1331. Lin's complaint states that Citibank allegedly furnished adverse credit information about him to a credit reporting agency regarding a credit card account which Lin contends he never opened with Citibank.[6] Lin alleges that Citibank inaccurately reported that he owned the account and that the account was delinquent without first providing him with a notice of the delinquent account. When Lin attempted to correct these errors with Citibank, he alleges that Citibank failed to correct the inaccuracies. Thereafter, Lin contacted the credit reporting agency directly and asked it to investigate the dispute.

When the credit reporting agency called Citibank to verify the account information, Lin alleges that Citibank did not convey the truth about his credit information, but instead affirmed that the delinquent account belonged to Lin. Based on the conduct of Citibank, Lin contends that Citibank violated the following statutes: CCRAA §§ 1785.26, 1785.25(a)-(c),[7] and

**4.** Congress enacted the Fair Credit Reporting Act in 1970, because of the concern that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence which is essential to the continued functioning of the banking system." Title VI, Provisions Relating to Credit Reporting Agencies, Pub.L. 91–508, 91st Cong., 2nd Sess.

**5.** Citibank moves to dismiss Lin's second, third, and fourth claims for relief.

**6.** The Citibank credit card in question is account # 4391130141401828 which is currently in default.

**7.** Under CCRAA § 1785.25(a), "[a] person shall not furnish information on a specific transaction ... to any consumer credit reporting agency if the person knows or should know that the information is incomplete or inaccurate." Viewed together with subsection (b), such person must be "(1) in the ordinary course of business [who] regularly or on a routine basis furnishes information to

... credit reporting agencies about the person's own transactions or experiences with one or more consumers." Subsection (b) also provides, in pertinent part, that if the person furnishing consumer credit information knows or "(2) determines that [the] information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate," that person "shall promptly notify the consumer credit agency ... [of] any correction ... necessary to make the information ... complete and accurate."

Further, if the "completeness or accuracy of any information on a specific transaction or experience furnished by any person to a consumer credit reporting agency is subject to a continuing dispute between the affected consumer and that person, the person may not furnish the information to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer." CCRAA § 1785.25(c).

FCRA 15 U.S.C. § 1681s–2(b)[8]. Citibank does not contend that Lin's claim filed pursuant to CCRAA § 1785.26, nor his claim filed pursuant to FCRA 15 U.S.C. § 1681s–2(b), are preempted by federal law. Rather, Citibank seeks to dismiss only Lin's claims based upon CCRAA §§ 1785.25(a)-(c) on the ground that the FCRA preempts these state law claims.

### III. LEGAL STANDARDS

■■■ Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir.1986); *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981). A claim may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

■■■ "A complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Moore v. City of Costa Mesa*, 886 F.2d 260, 262 (9th Cir.1989). "[A] complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory." *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 464 (9th Cir.1985).

■■ "All material allegations in the complaint are to be taken as true and construed in the light most favorable to the non-moving party." *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir.1986); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). However, the Court will not accept wholly conclusory allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981); *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir.1976).

### IV. DISCUSSION

A determination of Citibank's motion depends on two issues: (1) whether the FCRA completely preempts the CCRAA in matters relating to the responsibilities of furnishers of consumer credit information; and, (2) whether, absent complete preemption, the CCRAA § 1785.25(a) specifically confers upon consumers a private right of action to file suit against a furnisher of consumer credit information.

#### A. *Preemption*

■■■ Exclusive federal preemption of state law in the area of consumer credit reporting would resolve any doubt as to whether a consumer can invoke the protections of the state.[9] If Congress decides to exert exclusive authority over a particular area of interstate commerce, it might choose to invalidate all state laws on the subject matter, regardless of whether the state law is inconsistent or identical to federal law.[10] Where federal preemption

---

**8.** Title 15 U.S.C. § 1681s–2(b) imposes upon the furnisher of consumer credit information the following duties after it has received notice of a dispute: (1) to conduct an "investigation with respect to the disputed information; (2) to review all relevant information provided by the credit reporting agencies; (3) to report the results of its investigation to the credit reporting agencies; and (4) to report those results "to all [nationwide] consumer reporting agencies to which the person furnished the information," if the investigation

proves unsuccessful to remedy the problem, or if the information is incomplete or inaccurate.

**9.** *See* U.S. Constitution, Art. 1, § 8, cl. 3.

**10.** *See, e.g., Goldstein v. Columbia Diamond Ring Co.*, 366 Mass. 835, 323 N.E.2d 344 (1975) (invalidating state insolvency law irrespective if the language of the state statute conflicts with the Federal Bankruptcy Act.)

is not absolutely reserved for the regulation or prohibition of Congress, federal and state law may coexist simultaneously to the extent state law does not stand in conflict with federal law.[11]

 On September 30, 1996, Congress enacted the provision in the FCRA concerning the furnishers of consumer credit information. *See* Public L. 90–321, Title VI, § 623, as added Public L. 104–208, Div. A., Title II, § 2413(a)(2), 110 Stat.2009–447. Title 15 U.S.C. § 1681t makes clear that Congress did *not* enact a blanket preemption of state law in the area of consumer credit reporting. Section 1681t(a), in its entirety, provides the following preemption language relating to state laws:

> Except as otherwise provided in subsection (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this title from complying with the laws of any States with respect to the collection, distribution, or use of any information on consumers, *except to the extent that those laws are inconsistent with any provisions of this title, and then only to the extent of the inconsistency.* (emphasis added).

Based on the above statutory provision, Congress did not enact the FCRA with the goal of vitiating all state laws, but only those that are inconsistent with the federal law. *See generally Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918 (N.D. Ill. 2000), *Campbell v. Baldwin*, 90 F.Supp.2d 754 (E.D.Tex.2000). Congress' desire to retain consistent state laws is also evident in Title 15 U.S.C. § 1681t(b)(1)(F)(ii), which provides "no requirement or prohibition may be imposed under the laws of any state with respect to any subject matter regulated under section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996)." (Emphasis added).

 Based on the statutory language, § 1785.25(a) of the California Civil Code is expressly excepted from preemption. Retaining section 1785.25(a) is consistent with Congress' stated intention in section 1681t(a) since § 1785.25(a) of the California Civil Code is similar to the language set forth in § 1681s–2(a)(1) of the FCRA. CCRAA 1785.25(a) states that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Title 15 U.S.C. § 1681s–2(a)(1) similarly provides that "[a] person shall not furnish any information relating to a consumer to any reporting agency if the person knows or consciously avoids knowing that the information is inaccurate." Since both CCRAA § 1785.25(a) and FCRA § 1681s–2(a)(1) are consistent with each other, Congress did not find that § 1785.25(a) of the CCRAA was preempted.

Having determined that CCRAA § 1785.25(a) is "expressly excluded from the FCRA preemption ...," *Quigley v. Pennsylvania Higher Education Assistance Admin.*, 2000 WL 1196161, 2000 U.S. Dist. LEXIS 19847, *7–8 (N.D.Cal.2000) (*unpublished opinion* ), the next inquiry is

---

11. *See, e.g., McDermott v. Wisconsin*, 228 U.S. 115, 33 S.Ct. 431, 57 L.Ed. 754 (1913) (Wisconsin law on labeling cans of syrup "may not ... under guise of exercising its police power or otherwise, enact [such] legislation in conflict with the statutes of Congress ... and to the extent that the state law interferes with or frustrates the operations of Congress, its provisions must yield to the superior Federal power given to Congress by the Constitution.") *Id.* at 132, 33 S.Ct. at 435.

to determine whether § 1785.25(a) affords consumers the right to sue furnishers of consumer credit information.

### B. *Private Right of Action*

██ The language of CCRAA § 1785.25(a) provides that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." On its face, subsection (a) does not provide for a private right of action. Rather, the language which affords consumers a private right of action is found in CCRAA §§ 1785.25(g) and 1785.31.

██ Subsection (g) states that a "person who furnishes information to a consumer credit reporting agency is liable for failure to comply with the section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, the furnisher maintained reasonable procedures to comply with those provisions." Similarly, § 1785.31 provides to "any consumer who suffers damages as a result of a violation of this title" the ability to "bring an action in a court of appropriate jurisdiction against that person." These California provisions regarding private right of actions are *not* excepted from preemption in the FCRA. Only § 1785.25(a) of the CCRAA, which does not provide for a private right of action, is excluded from preemption. Based on the plain language of the statute, Congress did not exclude from preemption CCRAA §§ 1785.25(g) and 1785.31. *See Quigley*, 2000 WL 1196161, 2000 U.S. Dist. LEXIS at *8, *supra*.

Nevertheless, Lin argues that Congress would not have excluded from preemption CCRAA § 1785.25(a) if it did not want consumers to be able to sue furnishers of consumer credit information. The Court disagrees. While at first blush it may appear unclear as to why Congress excepted CCRAA § 1785.25(a) from preemption but did not except the additional provisions which provide consumers with a private right of action, the history and chronology of both Acts resolves any confusion.

The state of California was first to impose duties and obligations on a person who furnishes consumer credit information. California enacted CCRAA §§ 1785.25(a)-(g) on August 2, 1993. *See* Stats.1992, c. 1194 (A.B.1629), § 11, operative July 1, 1993; amended by Stats.1993, c. 285 (A.B.1340), § 8, effective August 2, 1993. Three years later, in 1996, Congress enacted a similar provision in FCRA § 1681s–2(a). In enacting the provision regarding furnishers of consumer credit information, Congress found that the specific language contained in CCRAA § 1785.25(a) is not inconsistent with its FCRA counterpart, § 1681s–2(a), and thus did not preempt the California provision. *See* 15 U.S.C. § 1681t(b)(1)(F)(ii).

Provisions contained in the CCRAA that stand in conflict with the FCRA were, however, preempted. Lin is correct that CCRAA §§ 1785.25(g) and 1785.31 provide consumers with a private right of action under California law. These provisions were not excepted from preemption, however, because they are *in* consistent with the enforcement scheme of Congress under FCRA § 1681s–2(d), in matters relating to furnishers of consumer credit information. Congress intended to have exclusive authority to enforce such claims through "the Federal agencies and officials and the State officials identified in that section." Therefore, although CCRAA § 1785.25(a) is excepted from preemption, CCRAA §§ 1785.25(g) and 1785.31, which provide Lin with a private right of action to sue furnishers of con-

sumer credit information, are not excepted from preemption.

## V. CONCLUSION

Federal law preempts the area of private consumer actions against furnishers of credit information. The California Consumer Credit Reporting Agencies Act, §§ 1785.25(g) and 1785.31 which allow a private right of action in state court, are preempted. Therefore, the Court grants Citibank's motion to dismiss Lin's second, third, and fourth claims.