**Daniel ROYBAL and Vida Roybal, Plaintiffs,**

v.

**EQUIFAX, Transunion, Experian, Rickenbacker, Medamerica, City Towing Body Shop, Inc., Sears, and Does 1 through 50, Defendants.**

**No. CIV S 05–1207MCEKLM.**

United States District Court, E.D. California.

Oct. 19, 2005.

**1178**

Nathaniel Dale Potratz, Law Offices of Nathaniel Potratz, Fair Oaks, CA, for Plaintiffs.

Kirsten E. Heikaus Weaver, Crowell and Moring, Irvine, CA, Stacy Marie Monahan, Jones Day, San Francisco, CA, Mark Stuart Tratten, Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc., June D. Coleman, Murphy, Pearson, Bradley & Feeney, Sacramento, CA, Darl Ray Danford, Circuit McKellogg Kinney and Ross, La Jolla, CA, for Defendants.

### MEMORANDUM AND ORDER

ENGLAND, District Judge.

Through the present action, Plaintiffs Daniel and Vida Roybal ("Plaintiffs") allege that Equifax, Transunion, Experian, Rickenbacker, Medamerica, City Towing Body Shop, Inc. and Sears (collectively, "Defendants") violated both state and federal consumer protection laws by furnishing and reporting erroneous credit information on Plaintiffs' credit report.[1]

Defendant Rickenbacker ("Rickenbacker") now moves to dismiss Plaintiffs' State and Federal Claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiffs have failed to state a claim upon which relief can be granted. For the reasons set for more fully below, Rickenbacker's motion to dismiss Plaintiffs' State and Federal Claims is granted.[2]

### BACKGROUND

Plaintiffs are consumers that discovered, in or around December 2003, their credit report contained grossly inaccurate credit information. Plaintiffs contend that they repeatedly contacted both the credit reporting agencies ("CRAs") as well as the furnishers of the credit information to alert them to the erroneous entries. Plaintiffs allege that neither the CRAs nor

---

1. The state claims that are the subject of this motion are Unfair Business Practices, Cal. Bus. and Prof.Code §§ 17200 et. seq. (first *cause of action*); Consumer Legal Remedies Act, Cal. Civil Code § 1750 et. seq.(second cause of action); Negligent Misrepresentation (third cause of action); and, Negligence; Cal. Civil Code § 1714 (fourth cause of action); Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17 (eighth cause of action)("State Claims").

   The federal claims that are the subject of this motion are Fair Credit Billing Act; 15 U.S.C. 1666 (fifth cause of action); Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (sixth cause of action); Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (seventh cause of action)(collectively, "Federal Claims").

2. Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78–230(h).

the furnishers of the credit information offered them any relief.

On May 10, 2005, Plaintiffs filed suit against Defendants in the California Superior Court alleging that Defendants caused them injury by falsely furnishing and reporting negative credit information. Defendants removed the case to this Court based on federal question jurisdiction.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). A complaint will not be dismissed for failure to state a claim " 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his or] her claim that would entitle [him or] her to relief.' " *Yamaguchi v. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The Court should "freely give[ ]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992).

## ANALYSIS

### 1. Fair Credit Reporting Act Claim

■ Plaintiffs have instituted this private right of action against Defendants including Rickenbacker, a furnisher of consumer credit information, for violations of the Fair Credit Reporting Act ("FCRA"). Plaintiffs allege that Rickenbacker proffered inaccurate credit information about Plaintiffs without properly investigating their complaints or removing erroneous credit entries. Rickenbacker rebuts that the FCRA provides only a limited right of private enforcement against furnishers of credit information and that Plaintiffs do not have standing to bring this action.

The Ninth Circuit spoke to this precise question in *Nelson v. Chase Manhattan Mortgage Corp.* wherein the court discussed whether a private right of action exists against a furnisher of credit information under the FCRA. There, the Ninth Circuit explained the issue as follows:

"It can be inferred from the structure of the [FCRA] that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties [owed by furnishers of credit information] to governmental bodies. But Congress did provide a filtering mechanism ... by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher. With this filter in place and opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s–2(b), Congress put no limit on private enforcement under §§ 1681n & o."

282 F.3d 1057, 1060 (9th Cir.2002).

The foregoing makes clear that a private right of action against a furnisher of credit

information exists only if the disputatious consumer notifies the CRAs in the first instance. The CRAs then have an obligation to investigate whether the claim is frivolous or irrelevant. See 15 U.S.C. § 1681i(a)(3). Once a claim is deemed viable, the CRAs must contact the furnisher of the credit information which affords an opportunity to investigate and rectify erroneous reports. See 15 U.S.C. § 1681s–2(b). The furnisher's duty to investigate, however, does not arise unless it receives notice of the dispute from the CRAs directly. Bypassing the filter and contacting the furnisher of credit information directly does not actuate the furnisher's obligation to investigate nor does it give rise to a private right of action. See *Nelson*, 282 F.3d at 1060.

In order for Plaintiffs to state a claim under the FCRA against a furnisher of credit information such as Rickenbacker, Plaintiffs must allege that they contacted the CRAs who, in turn, determined the claim was viable and contacted Rickenbacker triggering Rickenbacker's duty to investigate. Since Plaintiffs have failed to allege the foregoing as required, they lack standing to bring this private right of action against Rickenbacker. Accordingly, Rickenbacker's motion to dismiss Plaintiffs' FCRA claim is granted with leave to amend.

## 2. Fair Credit Billing Act Claim

■ Rickenbacker argues that Plaintiffs have failed to state a claim under the Fair Credit Billing Act ("FCBA") because the FCBA only applies to open end credit plans.[3] Rickenbacker argues that the transactions underlying Plaintiffs claims are closed end rather than open end taking them outside the scope of the FCBA. Plaintiffs have failed to rebut Rickenbacker's contention but instead merely request dismissal of all Federal Claims and remand of all State Claims to the state court.

By its very terms, the FCBA's billing error section applies solely to creditors of open end credit plans. Specifically, the definition of creditor under the FCBA is limited as follows:

> "For the purpose of the requirements imposed under chapter 4 [15 USCS §§ 1666 et seq.] ... the term "creditor" shall also include card issuers ..., and the Board shall, by regulation, apply these requirements to such card issuers, to the extent appropriate, *even though the requirements are·by their terms applicable only to creditors offering open end credit plans.*"

15 U.S.C. § 1602 (emphasis added).

Because the definition of "creditor" as used in section 1666 only applies to creditors offering open end credit plans and Plaintiffs have not alleged that the transaction underlying this claim is based on an open end credit plan, this claim must be dismissed with leave to amend.

## 3. Fair Debt Collection Practices Act Claim

■ Next, Rickenbacker seeks to have Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim dismissed on the ground that it was not timely filed. Under the FDCPA, a claim must be brought within one year of the violation. 15 U.S.C. § 1692k(d). Here, Plaintiffs allege in their complaint that Defendants violated the FDCPA by "report[ing] false and derogatory information." Pls' Compl. ¶ 53.

---

**3.** An open end credit plan is one where the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. 15 U.S.C. 1602(I). All credit that is not characterized as open end is considered closed end. See 12 C.F.R. 226.2(a)(10).

Plaintiffs claim that there were erroneous entries on their credit report as far back as 1997 and 2001. *Id.* at ¶ 11. Assuming the alleged violations occurred at the time the information was reported, Plaintiffs' action would have accrued in 1997 and 2001. Using this measure, the statute of limitations would have run no later than the end of 2002.[4] Consequently, Plaintiffs' claim under the FDCPA is time barred. This claim is dismissed without leave to amend.

**4. Preemption of State Law Claims**

█ In addition to the foregoing Federal Claims, Plaintiff has alleged violations of California's Unfair Competition Law, California's Consumer Legal Remedies Act, negligent misrepresentation, and common law negligence. Rickenbacker seeks to have these State Claims against it dismissed on the ground that they are entirely preempted by the FCRA. Plaintiffs do not rebut Rickenbacker's contention. Again, Plaintiffs merely urge the Court to dismiss their Federal Claims and remand their remaining State Claims to the state court.

The FCRA establishes standards for the collection, communication and use of consumer information for business purposes. Through the FCRA, Congress has elected to establish a scheme of uniform requirements regulating the use, collection and sharing of consumer credit information. In order to maintain this uniformity, Con-

gress included express preemption clauses in the FCRA relating to various aspects of consumer credit reporting. One area Congress has chosen to preempt is the regulation of furnishers of credit information. Specifically, the FCRA provides as follows:

"No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s–2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with respect to section 1785.25(a) of the California Civil Code . . . ."

15 U.S.C. § 1681t(b)(1)(F)(ii).

█ On its face, the FCRA precludes all state statutory or common law causes of action that would impose any "requirement or prohibition" on the furnishers of credit information.[5] Because Plaintiffs' State Claims are based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, they are completely preempted. Several courts that have analyzed this preemption clause concur. See, e.g., *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356, 361–62 (E.D.Pa.2001)("it is clear . . . that Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish [credit] information"); *Hasvold v. First USA Bank*, 194 F.Supp.2d 1228, 1239 (D.Wyo.2002)("feder-

---

**4.** Even assuming, however, that this action accrued as late as the date Plaintiffs learned of the negative credit entries in December 2003, the statute would have run by December 2004. This action was commenced on May 10, 2005, well beyond the latest possible date of accrual.

**5.** While there is an exception to this rule for California Civil Code section 1785.25(a), Plaintiffs have not alleged a violation of that provision. Even assuming, however, that Plaintiffs had so alleged, the Court finds that

there is no private right of action under section 1785.25(a). California Civil Code section 1785.25(a) does not itself provide for a private right of action. Rather, the language which affords consumers a private right of action is found in California Civil Code sections 1785.25(g) and 1785.31. Since only section 1785.25(a) is excepted from preemption but not sections 1785.25(g) or 1785.31, the Court finds that no private right of action exists under section 1785.25(a). See *Lin v. Universal Card Servs. Corp.*, 238 F.Supp.2d 1147, 1152 (D.Cal.2002).

al law under the FCRA preempts plaintiff's claims [for defamation and invasion of privacy] against the defendant relating to it as a furnisher of information"); *Riley v. Gen. Motors Acceptance Corp.*, 226 F.Supp.2d 1316, 1322 (S.D.Ala.2002)(finding preemption of state tort claims for negligence, defamation, invasion of privacy and outrage).

Because Plaintiffs State Claims arise solely from the allegation that Rickenbacker reported erroneous credit information to the national CRAs as a furnisher of credit, FCRA preempts Plaintiffs' State Claims in their entirety. Thus, Plaintiffs' State Claims are dismissed without leave to amend.

## CONCLUSION

Defendant Rickenbacker's motion to dismiss Plaintiffs' Fair Credit Reporting Act claim and Fair Credit Billing Act claim is GRANTED with leave to amend. Plaintiffs may file an amended complaint not later than twenty (20) days following the date of this Order. Defendant Rickenbacker's motion to dismiss Plaintiffs' Fair Debt Collection Practices Act claim and State Claims is GRANTED without leave to amend.

IT IS SO ORDERED.